EUSEBIO MORALES ET AL., Plaintiffs and Appellees, *v.* SEVE-RIANA LÓPEZ LAO FLORES SALAZAR ET AL., Defendants and Appellants.

No. 8181. Decided June 5, 1940.

*R. Rivera Zayas* and *Miguel E. Segarra* for appellants.   *A. Rivas* for appellees.

ON MOTION FOR RECONSIDERATION

Mr. Justice De Jesús delivered the opinion of the court.

The appellees herein requested the dismissal of this appeal on two different grounds, to wit: (*a*) because it was frivolous, and (*b*) because it had not been prosecuted with due diligence.

By an order of the 29th of last month, we denied the motion to dismiss, as to the first ground, because we considered that the contents of the record failed to place us in a position to decide whether the appeal was entirely frivolous, inasmuch as among the pronouncements of the judgment appealed from there was one which adjudged the appellants to pay to the appellees a certain sum for rents and profits received or which ought to have been received, and we did not have before us a transcript of evidence which would enable us to determine whether or not the amount owed to the plaintiff on that account was justified by the evidence.

As regards the second ground, we held that although we had no doubt that the appeal had not been prosecuted with due diligence, however, as from the record it appeared that the transcript of evidence had already been filed and that the court *a quo* had set a day for the settlement thereof, following the very wholesome practice of the courts to decide the cases on their merits whenever it is possible to do so without detriment to justice, and exercising the discretion granted to us by Rule 59 of this court, we denied the motion to dismiss on both the grounds urged "without prejudice to the right of the appellees, once the transcript of the evidence shall have been filed, to resubmit the same if they deem it proper."

On the 4th instant, the appellees filed a motion to which they attached a certificate of the stenographer regarding the evidence introduced bearing upon the pronouncement as to

the return of rents and profits, and in which they insisted that, it having been declared by us in our opinion of May 29 that the appellants had not prosecuted the appeal with due diligence, we should have dismissed the same, and they asked that we reconsider the said decision or that we render another decreeing the dismissal of the appeal.

█ The right to obtain the dismissal of an appeal which has not been prosecuted with due diligence, granted to the appellees by Rule 59 of this court, is not an absolute one, since it is discretionary with this court to grant such dismissal in accordance with the circumstances of the case.

The said Rule 59 in its pertinent part reads as follows:

"After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, *any case. . . may, in the discretion of the court, be dismissed . . .* if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

█ Yesterday afternoon the appellees filed a new motion, accompanied by a certificate of the clerk of the court *a quo* attesting to the fact that the appellants applied yesterday for an extension of time to prepare an amended transcript which was denied on the same day. Such proof would not justify a reconsideration of the order previously made, since it consists of some evidence which this court did not have before it when it rendered the said decision of May 29; but this does not preclude the appellees from filing a new motion to dismiss, accompanied by the evidence which they have presented to us now for the first time and upon notice of the same being served on the opposite party, the court will proceed to hear both parties to render such decision as it may deem proper.

For the reasons stated the motion for reconsideration must be denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.